IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**IGOR TERNOVSKY,**

    **Plaintiff,**

                                      **Civil Action 2:13-cv-276**
    **v.**                                      **Judge Gregory L. Frost**
                                      **Magistrate Judge Elizabeth P. Deavers**

**JON HUSTED,**

    **Defendant.**


**ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION**

Plaintiff, Igor Ternovsky, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Jon Husted, the Ohio Secretary of State.  Plaintiff asks the Court to order ballot access to a political organization that he intends to establish.  This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.)  The Motion is **GRANTED**.  Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.  This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the Undersigned concludes that Plaintiff lacks standing.  It is, therefore, **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

I.

According to the Complaint, Plaintiff intends to form a new political party named the "Anticorruption Party" to participate in 2014 elections and beyond.  He believes community support exists for this party because he was able to obtain 4,196 signatures on the Nominating Petition for the office of Columbus City Auditor that he filed on his behalf on January 25, 2013.  He also attaches a signed statement from a qualified elector expressing her intent to "participate, vote, and be a candidate of the 'Anticorruption Party.'" (Compl. 3, ECF No. 1-2.)  Plaintiff contacted the Ohio Secretary of State three times, via email, visit, and phone call, but was either ignored or informed that the Secretary of State "doesn't have a procedure for party registration because the election law was recognised [*sic*] as unconstitutional previously." (Compl. 2, ECF No. 1-2.)  Based upon the foregoing, Plaintiff maintains that Defendant unconstitutionally burdened his First Amendment associational rights.  In terms of relief, Plaintiff asks the Court to order ballot access in Ohio to the Anticorruption Party.

II.

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted.  Thus, a typical initial screen involves consideration of the merits of the claims asserted.  In this case, however, upon review of Plaintiff's Complaint, the Undersigned determines it is unnecessary to consider the merits of the sole claim he advances because he lacks standing to obtain the relief he requests.

Standing is a threshold jurisdictional question that courts must address prior to and independent of the merits of a party's claim.  *Horne v. Flores*, 557 U.S. 433, 445 (2009).  "Standing to bring suit must be determined at the time the complaint is filed." *Smith v. Jefferson*

*County Bd. of School Comm'rs*, 641 F.3d 197, 206 (6th Cir. 2011) (citing *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005)). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted). Standing jurisprudence involves both constitutional and prudential considerations. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).

Article III standing enforces the Constitution's case-or-controversy requirement. Article III standing requires a plaintiff to have suffered an "injury in fact" that is (1) "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "fairly traceable to the challenged action of the defendant"; and (3) likely to "be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61 (alterations, internal quotation marks, and citations omitted).

"The prudential standing doctrine embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'" *ACLU v. NSA*, 493 F.3d 644, 677 (6th Cir. 2007) (*quoting Bennett v. Spear*, 520 U.S. 154, 161 (1997)). "Because these prudential principles are 'limits' on standing, they do not themselves create jurisdiction; they exist only to remove jurisdiction where the Article III standing requirements are otherwise satisfied." *ACLU*, 493 F.3d at 677. Among other limitations, "prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights . . . ." *Elk Grove*, 542 U.S. at 12 (internal quotation marks and citations omitted); *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) ("[E]ven when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement . . . the plaintiff . . . cannot rest his claim to relief on the legal rights or interests of third parties." (citations omitted)). Yet another judicially-imposed limitation is the requirement that a plaintiff must demonstrate standing to obtain the relief he seeks. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 106 n.4 (1983) (affirming dismissal of claim for injunctive relief where the plaintiff failed to

establish that he "had standing to seek the injunction prayed for" even though the plaintiff had established standing to obtain other forms of relief); *Bond v. U.S.*, 131 S.Ct. 2355, 2361 (2011) ("One who seeks to initiate or continue proceedings in federal court must demonstrate, among other requirements, . . . standing to obtain the relief requested."); *Summers v. Earth Island Inst.*, 555 U.S. 488, 493-94 (2009) (A plaintiff "bears the burden of showing that he has standing for each type of relief sought.")

### III.

The Undersigned recommends dismissal for lack of standing.  Even if the Court were to conclude that Plaintiff's alleged injury to his associational rights is sufficiently particularized and imminent to establish Article III standing, he cannot establish prudential standing to obtain the relief he seeks.  This is because he does not seek injunctive or declaratory relief on his own behalf.  Rather, Plaintiff seeks injunctive relief on behalf of the Anticorruption Party.  A court may relax the prudential limitations on standing to grant third-party standing to assert the rights of another where the party "has a 'close' relationship with the person who possesses the right." *Kowalski v. Tesmer*, 543 U.S. 125, 129–30 (2004) (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)).  Here, however, the Court cannot conclude that Plaintiff was a member of or had a close relationship with the Anticorruption Party when he brought this action because at that juncture, the organization did not even exist.  (*See* Compl. 2, ECF No. 1-2 (alleging a "strong intention" to establish a new political organization named the "Anticorruption Party").)  Thus, Plaintiff lacks standing to obtain the only relief he requests, *i.e.*, Ohio ballot access for the Anticorruption Party.

For the forgoing reasons, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: April 18, 2013                                     /s/ *Elizabeth A. Preston Deavers*
                                                                  Elizabeth A. Preston Deavers
                                                                  United States Magistrate Judge